Judge Rowan
delivered the opinion of the court.
Haggin traversed an inquisition of forcible entry and de - tainer found against him in the country, upon the writ of Christian, Upon the trial of the traverse, Haggin had a verdict, which, upon the motion and affidavit of Christian, >vas set aside and a new trial granted him. On the next trial there was a verdict for Christian, and a new trial granted to Haggin. Upon the third and last trial, there was-a verdict and judgment for Christian, from which Haggin appealed to this court.
The appellant assigns for error, that the court below erred in the opinions, judgments and instructions, stated in the appellant’s several bills of exceptions, or some of them. Those bills of exceptions are numerous, and some of them lengthy. In which of them the error is supposed to exist, or as to what matter in either the opinion of the court is. thought to be erroneous, be has not intimated, and this court might, and perhaps ought, to affirm the judgment upon the ground that no particular error is assigned therein; but upon examination of the record, we suppose the exception taken by appellant, to the opinion of the court, in granting a new trial to Christian, is the one mainly relied upon as evincive of erroneous opinion. From that it appears that Christian was notified on the first day of the term, that this cause would he the first tried on the following day:— That it was tried the following day, before either Christian or any of Ids witnesses had gotten to court. Christian states in his affidavit, that he had, on th* evening before, employed a third person to ride to some of the witnesses and Endeavor to procure their attendance early on the nest morn- *580 jng, particularly the attendance of Brumbarger and Chapman. That he himself rode to see other of Ins' witnesses ancj procure their certain and early attendance: That he had used strenuous endeavors to procure his witnesses and be prepared fot trial: That he verily believed that Haggin had influenced Chapman, (by collusion with whom and by whose perfidy as tenant of the affiant, lie had gotten possession of the tenement) his wife and daughter, not to attend and give evidence as witnesses in the cause: That the court had set, and the cause had been tried sooner than he expected: That the witnesses, to procure whose attendance the foregoing efforts had been made, were all material, aud had been summoned. To evince their materiality, he offered to'exhibit'to the court the affidavits of some of them. He stated, moreover, that he had himself been in the possession of the tenement, five years; that Asbon, of whom he purchased, had been in possession before his purchase, for fifteen years: that he had rented to Collins, and Collins to Chapman, who had treacherously and by collusion with Haggin, connived at the possession taken by him. Huggiij Stated that be took and held possession of the tenement as agent of his father, John Haggin, who had title to the Sand, and had obtained judgment in ejectment therefor, but that his judgment had been enjoined by suit in'chancery: That before the filial decree in the suit in chancery in his (J. HaggiiPs) favor, the term in the demise had expired — he produced the letter of attorney from J. Haggin, the record of the judgment in ejectment and decree in chancery, end insisted that if a new trial were granted, it should be granted upon 'the condition that Christian Would agree to lengthen the term in the declaration in ejectment aforesaid. — -The court refused to impose the condition on Christian, and granted him a new'trial; it appeared that there were criminals to be tried, that their trials were had after, aud not before, the trial of this traverse, on the morn-i»g of the second day aforesaid.
, ,. . for new trials are address’d t™U)e tioa* of íl¡e court, to be ÉSrfiníedTín we vides and usi gesofisw. the exer-eye should be to the ?uhstantial justice of the equally remote from f®y°nng ne-fj-om^exact-:ng unreason, at>!e efforts, cable*^d$-gence.
*580 No doctrine o[ the law is better settled than that which regulates ' applications of this sort. An application for ⅜ tria! ls addressed emphatically to the sound discretion 'be court. That discretion is to be exercised, not arbitrarily, but in consonance with the míes and usages of lavv, ft,rtb'crance of the justice of the case. The discretion the coui't may, with an eye to the same great object, be exercised in relieving either party to a cause from the pres. *581 sure of any unexpected occurrence, in the preparation for the trial tiicreof, by granting a continuance therein. But in both, and in every instance of its exercise, the maxims and rides of the law are to be regarded, In promoting justice care must be taken that injustice be not done. While on the one hand unreasonable efforts and impracticable diligence should not be exacted, on the other, supine or hie negligence should not be favored or indulged; an equable , f ,. . .. . ,i i .i i-advance by the parties m the cause 1o the trial thereof, on principles of reciprocal justice, alike exempt from burry and delay, and in exclusion of Obliquity, cunning, or arti-fiee of any kind, should be maintained and enforced by the ,court in the exercise of its sound discretion. The trial in this case was evidently ex parte — from such a lrial justice is not expected. But justice was the object of the trial, and t he right of each party, unless by ¡lis negligence or otherwise be had forfeited or waived it. There is nothing in the case from which a waiver or forfeiture on the part of Chris-lian can be justly inferred: unusual, but unavailing diligence is evinced on his part: We cannot say the court erred in granting a new fría!. But it may be thought that it should have been granted upon the condition of lengthening the demise as proposed by liaggin.
JViddiJj'e for appellant, Pone for appellee.
In granting new trials (lie court may lay ihe petitioner under restrictions, or compel him to submit to terms; hut those restrictions should relate to the case then be-fóle -he court —not to other suite.
The condition which the court may, in the exercise of their discretion, impose upon the party applying for a new trial, connected with the grant tiicreof, must be appropriately connected with the cause in which the application is made, and is usually and ought properly to be some easement or convenience to the adverse party in that very cause. The discretion of the court is exercised in that cause only upon the rights of the parlies thereto, and upon those rights only which are involved therein. It cannot, in its exercise, transcend the limits of that case, and act upon their other rights not involved therein. We cannot therefore think that the court erred in refusing to gmnex the condition demanded by Haggin. The condition demanded related to matter of title connected.with possession in another suit, which was not, and could not, regularly be involved in this. In the other exceptions taken by appellant to the opinions of the court in the.progress of the cause and the subsequent trials therein, we can discover no opinion erroneous to the prejudice of appellant.
Judgment must therefore be affirmed with costs.