Judge Nicholas
delivered the Opinion of the Court.
The defendant in error took judgment by default, against Turner, in an.action of trespass for assault and battery ; and upon the writ of enquiry, her damage was assessed to two thousand dollars, for which judgment was rendered in her’favor. The next day, Turner, by his counsel, moveef |or a new triai, on the grounds set forth in the affidavit of an agent of Turner, and because the damages were, excessive. The counsel for Mrs. Booker moved to have .the motion continued till the next term, to afford an opportunity to take counter affidavits, and the counsel of Turner assenting, it was so continued. A few days thereafter, ‘Turner died. At the next tern! of'the court, his death was suggested, and the motion revived, by consent, iii the name of his administrator,-*-the plaintiff’ reserving to herself all right to insist thafr the íyotion had been abated by Turner’s death, and that the administrator had no power to revive it, in the same manner she could have made such objection, if it had been attempted to be revived by scire facias. The court overruled the motion for a new trial, and the administrator prosecutes this writ of error.
Previous to any investigation of the grounds for a new triai) we are roet with an objection on the part of. the defendant in error, that, at common law, all modes su^ or acl'on abated by the death of either party, and that they can only be revived, for or against tb representatives of a decedent, bv virtue of some express *335 Statutory provision; and as there is none authorizing the revival of such a motion as this, it cannot be revived; the consequence being, that the judgment now stands freed and absolved from the motion, as though it had never been made. According to the courts, of practice in England, the motion for a new trial was always made before judgment, and the judgment never entered up till the motion was disposed of. A case like this could not, therefore, well have arisen in the English courts. But by a course of practice which has obtained in this country, and which has become too inveterate to be now called in question, the motion for a new trial is made at any time during the term, as well after as before judgment. Connected with this practice, has simultaneously grown up another, cf treating the motion, when regularly continued over to another term, as a suspension of the judgment till the motion is disposed of, without any express order to that effect. It is by virtue of'this supposed suspension alone, that the court retains its power of setting aside the judgment, for the purpose of a new trial at a subsequent term. A similar effect has always been given to petitions for rehearing in this court, of retaining the correction of a mandate of one term, within the power of the court at a subsequent term, without any express order of suspension. A judgment so suspended by motion in the circuit court, is not considered such final, judgment, as to ^authorize the prosecution of a writ of error; neither, can an execution’be issued thereon. Of course, therefore, the judgment must be considered as virtually suspended, for every purpose, and the plaintiff can never be deemed at the end of his suit, and entitled to the fruition of his judgment, until that suspension is legally removed. Till then his suit may strictly be said to be still pending and undetermined.
A judg’t su3pen ded by a motion' for a new trial, is not .final: no writ of error lies, norcan execution issue, upon if.
A motion for a new trial is a mere incident to the suit: not a separate action, that abates by the death of the mover; i}s effects continue without any proceeding by bis representative. Upon a scire facias to revive the judgment against hjs administrator, or by his consent, the motion may he disposed of.
The motion for a new trial is, therefore, a mere incident to his suit, of almost the identical same character it would have been if made before judgment, and can, with no plausibility, be put upon the basis of a separate *336 independent suit, — upon which the learned counsel eri" deavored to place it, — requiring the action of the representalive of the mover, to obtain either its revivor, or the benefit of its suspending powers upon the jndgment. if the administrator had not voluntarily appeared, and assented to the revivor, the plaintiff would have-been bound to become the actor, and by scire facias against the administrator, put the case in an attitude to' have the motion disposed of,' and her judgment freed' from its still controlling effect.
The death of a defendant, after judgment, and pending a mo-■trial, does not ■abate the suit.
Where a verdict and judgment are rendered for excessive damages, or other good ground for a new trial exists, and the defendant dies, the new trial should be granted to his administrator,although the action is one that does not survive,and will be destroyed entirely by granting the motion. But that may be prevented by terms — p. 338. Grounds for a new trial: held sufficient.
*336 Having thus freed the case from this supposed difficulty, we are met by an objection on the other side, that Heins- the admitted effect of the riiotion, it must be by virtue of a sort of pune pro tunc process, which will g¡ve relation, and make it take effect»,, as though it had been actually made antecedent to the entering'up of the judgment; the inevitable result of which would be, to abate the whole suit, inasmuch as the cause of action does not survive.
This assumption has no more of solid merit than the other. It is needless to unravel the argument by which it is attempted to be sustained, in order to expose its fallacy. The suspending effect given to the motion, made after judgment, is sui generis r it is based upon none of the analogies of the law, that we know of, and is the." mere creature of an anomalous practice in this state, too-old to be disturbed. Its effect reaches only so far as it has obtained allowance, ex-necessitate, in the furtherance of justice. We are not disposed to allow it to reiroact, so as to produce injustice.
The damages, though heavy, yet, as the case stood upon the ex parte proof before the jury, were not" so excessive as to authorize-the interference of the court.
From the reasons stated in the bill of exception, for overruling the motion, as to the other ground relied on, it seems, the circuit court came to the determination it did, mainly because the result of granting a new trial, would be entirely to defeat the plaintiff’s action. We cannot apeord our assent to the sufficiency of this reason, though such were necessarily to be the result. If Turner, while living, was entitled-to a new trial, that *337 right ought not to be impaired by his death. The plaintiff’s judgment was valid, or not, according as he was, or was not, entitled to a new trial. If he had a right to be relieved from it, that right upon every principle, whether of law or justice, must survive to his administrator.
Sickness — the consequence of drunkenness, will not excuse wantofdue diligence, and entitle the party to a new trial.
The grounds as made out in the affidavit of the agent of Turner, were, in substance, that Turner, who resided about twenty eight miles from the court house, was sick at home,- and unable to attend court; that material witnesses had been subpoenaed, but did not attend ; that the most material of them had apprized the agent, that he could not, and would not, attend on account of the indisposition .of his wife; that he had been started off, by light, or a little after, of the day on which the trial took place, to procure a continuance for Turner, but did not arrive until about two hours after the cause was tried; that he started in time, and would have reached court before the cause was called, if his horse had not failed on the way, in consequence of the excessive heat of the weather.
The materiality of the absent witnesses was sufficiently made out by their affidavits used on the hearing of the motion, so that the .right to a new trial' rests upon the sufficiency of the diligence used by Turner. That he was really sick, and unable to attend court on the day the cause was tried, we cannot doubt; because from the testimony of the physician, introduced by the plaintiff, he ultimately died of the indisposition he then had. But the counter affidavits produced by the plaintiff leave as little room to doubt, that on the day previous, he was comparatively well; was drunk in Louisville, during most of the day, and did not return to his residence in the country, until after night: in fact that his sickness and death were the results of that “drunken spell.” Had his excuse for his non attendance at court rested merely upon his sickness so produced, we would have little hesitation in disallowing it as unsatisfactory. But, as his agent was personally acquainted *338 with the materiality of his witnesses, and was therefore as competent as himself, to make the necessary affidavit, in order to procure a continuance, we do not deem it indispensably necessary that Turner himself should have been personally present, for that purpose. Considering the distance, it would have been safer and more prudent for Tnrner to have started or sent to court the day before, and such, from the affidavits, probably would have been bis course, had he not got drunk. But still the distance was not such as necessarily to have required it, in order to avoid the imputation of negligence. It might well have been accomplished without any very fast riding, before the probable call of the cause. The agent swears, that he could have accomplished it, and would have accomplished it, before the call of the cause, but for the- unexpected failure of his horse. That is a species of casualty which the law does not require litigants to provide against, and their rights should not be forfeited by its occurrence. On the whole, we are inclined to think, that, under all the circumstances, he should not be deemed to have been culpably negligent, and consequently, that he was entitled to a new trial.
Anew trial may be granted to' a party who,— tha’he tailed to use due diligence himself— did employ an agent to attend to the suit, who was competent, from his own personal knowledge, to show cause for a continuance, but was prevented from attending in time, by an accident which could not have been anticipated and guarded against.
New trials may be granted upon conditions which will prevent injustice ; and where a defendant, in an action that does not survive, has died pending a motionforanew trial, the condition of granting it, should lie, that the first judg’t, should stand as a security for the last.
But, as the effect of setting aside the judgment and granting his administrator a new trial unqualifiedly, would be to take away the plaintiff’s right of recovery entirely, we think the new trial should not be accorded, except upon terms such as would be fair and- just between the parties. Applications for new trials are addressed to the equitable discretion of the court, and where the- circumstances of the case require it, as this does, we do not doubt either the power or propriety of prescribing such terms, as will secure the plaintiff redress to the extent of such damages as a jury may think her entitled to, upon a full and fair hearing of her case. 1 Mar. 581, Litt. Select Cases, 20.
The judgment, overruling the motion for a new trial, must therefore be reversed, with costs, and the cause remanded with instructions for leave for the administrator to plead, and a trial of the issue that may be formed, or for a new enquiry of damages ; provided the administra *339 tor will enter his assent of record, that the present judgment shall stand, as a security for whatever damages may be found for the plaintiff, and the costs of suit, subject to be credited by whatever, less than two thousand dollars, the jury may find for the plaintiff.