## Shields' Admrs. v. Rowland.

(Decided January 30, 1913.)

### Appeal from Nelson Circuit Court.

1. Assault and Battery—Action for—Evidence of Financial Condition of Parties not Admissible in—Modification of Opinion.—Evidence as to the financial condition of either the defendant or plaintiff is not admissible in actions for assault and battery.

2. Appeal—Death of Defendant Pending Appeal—Dismissal of Action.—Where the defendant dies pending an appeal from the judgment against him, the result of the reversal of the judgment is a dismissal of the action.

JOHN S. KELLEY and S. K. BAIRD, for appellant.

W. H. FULTON and F. E. DAUGHERTY, for appellee.

RESPONSE TO PETITION FOR REHEARING BY JUDGE CARROLL.

So much of the opinion in this case, reported in 151 Ky., 136, as holds that the trial court "did not err in permitting the introduction of evidence bearing upon the financial standing of appellants' intestate" is withdrawn. It was formerly the rule in this state that in actions for assault and battery, where punitive damages were allowable, it was competent to show the financial standing of the defendant. But these cases were overruled in Givens v. Berkley, 108 Ky., 236, and we adhere to the rule there announced that evidence as to the financial condition of either the defendant or plaintiff is not admissible in actions for assault and battery.

It is also insisted that the cases of Anderson v. Arnold, 79 Ky., 370 and Lewis v. Taylor, 112 Ky., 845, cited in support of the proposition, that as the defendant died after the judgment was entered, on a return of the case the petition should be dismissed, are not applicable to the facts found in the record. In support of this contention our attention is called to Turner v. Booker, 2 Dana, 334. In Irvine v. Gibson, 117 Ky., 306, the case of Turner v. Booker was reviewed and explained, and it was there held in a case similar to the case at bar that where the defendant died pending an appeal from the judgment against him the result of the reversal of the judgment would be a dismissal of the action.

To the extent indicated the opinion is modified.