## Mann v. Watson.

(Decided May 25, 1926.)

### Appeal from Jefferson Circuit Court.

1. Assault and Battery.—On plea of son assault demesne in action for assault and battery, defendant has burden of proof.
2. Trial—Instruction that Defendant and His Former Wife, whose Boarder he Assaulted, were Divorced on Day Before, Held Warranted by Evidence Admitted Without Objection or Exception.—In action for assault and battery on a boarder in house of defendant's former wife during altercation resulting from another man's presence therein, evidence admitted without objection or exception held to warrant instruction that defendant and his wife were divoced on day before assault, and hence that he had no right to enter her house and order out guest.

3.  Trial.—Ordinarily, instructions submitting mere abstract legal principles are improper.

4.  Appeal and Error—Instruction in Trial for Assault and Battery, that Defendant's Divorced Wife had Right to Such Company She Desired, and that Defendant had no Right to Order Out Guest, Held Not Prejudicial, if Erroneous.—In trial for assault and battery on boarder in house of defendant's divorced wife during altercation between defendant and another male guest, where there was evidence of ill feeling between defendant and such guest, instruction stating correct abstract legal principles that wife had right to such company as she desired, and that defendant and another boarder had no right to order out such guest, held not prejudicial, if erroneous.

5.  Assault and Battery—Testimony as to Details of Prior Difficulty Between Defendant and His Divorced Wife's Male Guest, During Altercation with Whom Defendant Assaulted Another Guest, Held Immaterial on Issue Whether Defendant First Assaulted Latter.— In action for assault and battery on boarder in house of defendant's divorced wife during altercation with another man therein, testimony as to details of previous difficulty between latter and defendant held immaterial on issue whether defendant first assaulted prosecuting witness.

6.  Evidence—Evidence that Defendant, while Pursuing Divorced Wife's Male Guest After Assault on Another Such Guest, Pushed Over Female Guest in His Way, Held Admissible as Res Gestae.— In action for assault and battery on male boarder in house of defendant's divorced wife during altercation with another man therein, testimony that, while pursuing latter after assault, defendant pushed over a female guest who was in his way held admissible as res gestae.

7.  Appeal and Error—Error in Interrupting Counsel's Argument and Compelling Him to Desist from Making Certain Remarks Cannot be Considered, where Such Action, Improper Remarks Being Made, and Exceptions to Court's Action are Not Shown by Bill of Exceptions.—Assigned error in interrupting argument of appellant's counsel and compelling him to desist from making certain remarks cannot be considered, where bill of exceptions does not show that court did so, what was being said which court held improper, or that appellant excepted to court's action.

8.  Assault and Battery—$1,165.00 for Cut Flesh and Broken Nose, Necessitating Several Operations, as Result of Assault, Held Not so Excessive as to Indicate Passion and Prejudice, Nor so Unreasonable as to be Entirely Disproportionate to Injuries.—$1,165.00 for cut flesh and broken nose, necessitating several operations, as result of assault on divorced wife's male boarder in presence of several people, held not so excessive as to indicate passion or prejudice, nor so unreasonable as to be entirely disproportionate to injuries sustained.

9.  Assault and Battery—One Unlawfully Assaulted in Presence of Several People May Recover for Humiliation, Physicians' Fees

and Hospital Bills, as Well as for Mental and Physical Pain.—
One unlawfully assaulted in presence of number of people may
recover for humiliation, and special damages, such as physicians'
fees and hospital bills, as well as for mental and physical pain.

HUBBARD & HUBBARD for appellant.

BURKE & LAWTON for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

Appellee, H. B. Watson, sued appellant, William B.
Mann, for assault and battery. The appellant interposed
a plea of *son assault demesne.* The trial resulted in a
verdict for appellee for $1,165.00. Hence the appeal.

A consideration of the reasons advanced for a re-
versal of the judgment makes a brief statement of the
facts necessary. Appellant and his wife, Georgia Mann,
had been separated for some time, and in an action by
her against him they were divorced on November 24,
1923. They both lived in Louisville, Kentucky. She was
running a boarding house on Jacob street, and appellee,
Watson, was boarding with her temporarily. He is a
resident of the city of Chicago, and a fruit commission
merchant. Irvin S. Hampton, a minister of the gospel,
and an uncle of Mrs. Mann, boarded with her. A Miss
Hilpp and Mrs. Leona Lamb also appear to have been
boarding with Mrs. Mann at the time. Edward Grueser,
who lives in Louisville, seems to have played some part
in the separation and divorce of the Manns. The testi-
mony for appellee tended to establish that at the evening
meal on Saturday, at which Reverend Hampton was
present, a good deal was said about the fact that Mrs.
Mann had that day been granted a divorce from her hus-
band; and that on the following day at noon something
in the nature of a dinner celebrating the event would be
given by Mrs. Mann, to which Mr. Grueser had been in-
vited and was expected to be present. It appears, how-
ever, that Mr. Grueser did not reach Mrs. Mann's board-
ing house in time for dinner on Sunday. Shortly after
that meal Reverend Hampton called Mr. Mann by tele-
phone and requested that he come to the boarding house,
which Mann immediately did. When he arrived Mr.
Hampton, who had been waiting on the porch, went to
the street and he and appellant sat for a few moments in
conversation in the automobile which appellant had
driven there. According to their testimony Reverend

Hampton spoke of a stranger having gone into the home of Mrs. Mann while he was waiting for appellant, whom he described to appellant. From the description appellant recognized Mr. Gueser and told Hampton who it was. Hampton then said: "Well, let's go in and order him out; I don't want Grueser in there." They then left the machine, went into the house, and, according to the testimony for appellant, after they had entered the living room where Mrs. Mann, Miss Hilpp, Mrs. Lamb, Mr. Grueser and appellee, Watson, were sitting, Hampton walked up to Grueser and ordered him to leave the house. Appellant said nothing and did nothing except to walk into the room. He stopped close to and rather in front of appellee, Watson, who arose, and without warning or without saying anything assaulted appellant, Mann, by striking him on the back of the head with his fist. They then engaged in the fight which resulted in all of the injuries of which appellee complained and for which the jury awarded him a verdict in damages. It was appellant's theory that he did nothing until he was assaulted by appellee and fought wholly in self-defense. The testimony for appellant, however, was confined to that of himself and Reverend Hampton and a small son of the latter about 12 years of age.

For appellee the testimony from the other persons present tended to establish that when Hampton and Mann entered the room where all of them were sitting they appeared to be excited and angry; that they made immediately for Grueser, one of them going toward him around one side of the center table, and the other around the other; that Hampton peremptorily ordered Grueser to leave the house, and Mann said to him: "I will get you now;" that Watson arose to his feet, and, intending to suggest that there be no personal violence there, got no further with what he intended to say than "gentlemen," when appellant, Mann, turned on him and assaulted him viciously and thus brought on the fight which resulted in appellee's injuries, for which he was awarded a judgment by the jury. It thus appears that there was a clear-cut issue of fact as to whether appellant first assaulted appellee or whether appellee first assaulted him.

On appellant's plea of *son assault demesne*, the trial court properly adjudged him the burden of proof. In addition to the usual instructions given under the state

of the pleadings and proof, which are not complained of, the court gave the following:

> "I further instruct you, gentlemen, that it appears in this case that on Saturday before the 25th day of November, 1923, at the time this assault is alleged to have taken place, there was a divorce granted in the Jefferson circuit court, terminating the marriage relation between Mann and his wife; and I therefore instruct you that on the 25th day of November, 1923, Mrs. Mann had the right, so far as Mr. Mann was concerned, to have such company as she desired, and that the defendant, Mann, did not have the legal right to go into the house and order out Grueser. I further instruct you that the witness, Hampton, was a boarder in said house, according to the testimony, and he did not have the right to order Grueser out of the house."

Appellant insists that that instruction was erroneous and that his rights were prejudiced by it. He claims, first, that it assumes a fact not in issue and which was not proved by competent evidence, that is, that Mann and his wife had been divorced. As he insists, the record evidence of the fact that a divorce between them had been granted would have been the best evidence of that fact. However, while Mrs. Mann was on the witness stand, she was asked and was permitted to answer without objection or exception from appellant that she and her husband had been divorced on Saturday before the assault complained of on Sunday, and a good deal of other evidence with reference to the divorce having been granted at that time got into the record without objection or exception. In that state of case appellant's contention that there was no evidence of this fact and that the instruction assumed a fact not proved can not be sustained.

It can not be maintained that the abstract principles of law stated to the jury in instruction No. 2 are not correct. Ordinarily instructions submitting mere abstract principles of law have no place in a case and are apt to be confusing rather than helpful. In this case, however, the evidence had been permitted to go to the jury that there was ill-feeling between Mann and Grueser because of the part the latter had played in the separation and divorce of Mann and his wife. The instruction complained of evidently was given by the trial court to

counterbalance the effect of that testimony. When that instruction is read in connection with instruction No. 1, which, as appellant concedes, correctly instructed the jury on the real issues of the case, it is difficult to reach the conclusion that the giving of the instruction, if erroneous—which we do not decide—was prejudicial. After deliberate consideration this court has concluded that it was not.

It is earnestly insisted for appellant that the trial court erroneously refused evidence offered for him. The evidence which was excluded by the trial court and which appellant insists should have been permitted to go to the jury was the details of a previous personal difficulty between appellant and Edward Grueser, which took place on an occasion when appellant found him at his home with his wife at an improper time and place. That testimony was properly rejected by the trial court. It had no place in this case. It did not in the least tend to shed light on the only issue in this case, which was whether appellant first assaulted appellee or whether appellee first assaulted appellant. The offered testimony was wholy immaterial to that issue.

It appears from the testimony herein that after his assault upon appellee, appellant pursued Grueser, who had left the room where the difficulty began and the home of Mrs. Mann by the back entrance, and while pursuing him pushed Miss Hilpp, who was in his way, to one side, and she fell upon the bed. That testimony was objected to by appellant, and it is urged that the court erred in admitting it. It appears, however, to have been part of the *res gestae* of the transaction which was the subject matter of this litigation and, therefore, was properly admitted in evidence.

Again, appellant complains of the action of the trial court in interrupting the argument of his counsel and in compelling him to desist from certain remarks he was making in the course of his argument. The bill of exceptions herein does not show that the trial court interrupted the argument of appellant's counsel, or, if so, what was being said at the time which the trial court held to be improper, or that appellant excepted to the action of the trial court in so doing. In that state of case this court can not consider that question. Rulings of the trial court upon objections made and sustained to argument of counsel can be considered by this court on the appeal only when shown by the bill of exceptions. See City of Louis-

ville v. Hehemann, 161 Ky. 523, 171 S. W. 165; St. Paul Fire & Marine Insurance Company v. Kendle, 163 Ky. 145, 173 S. W. 373; C. & O. Ry. Company v. Stapleton, 154 Ky. 351, 157 S. W. 702.

Appellant earnestly insists that the verdict of $1,165.00 is so excessive as to appear to have been given under the influence of passion and prejudice so as to require a reversal of the judgment. To that contention we can not agree. In the course of the encounter between appellant and appellee, appellant, using a heavy bookend, shown to have weighed some five or six pounds, struck appellee over one of his eyes and on his nose, cutting his flesh and breaking the bones of his nose. Several operations have been necessary in appellee's efforts to have his nose straightened and repaired so as to perform its natural functions properly, and when the testimony was taken it appeared that yet other operations would be necessary. Appellee, a resident of the city of Chicago, a business man, engaged in a legitimate business, was temporarily in Louisville in connection therewith. He knew nothing about and had no part in the domestic difficulties of appellant and his wife. The jury found that appellant first assaulted appellee, and the preponderance of the evidence sustains that finding. Appellee, while at a place where he had the right to be, was unlawfully assaulted by appellant in the presence of a number of people, both men and women. In view of the fact that the jury was authorized to compensate appellee not only for the mental and physical pain and suffering endured by him, the extent of which is above indicated, but also for such humilation as he suffered as a result of the assault, and for special damages, such as physicians' fees and hospital bills, it can not be said that a verdict for $1,-165.00 is so excessive as to appear at first blush to have been influenced by passion or prejudice, or so unreasonable as to be entirely disproportionate to the injuries sustained.

No error to the prejudice of appellant's substantial rights appears in the record, and the judgment, therefore, will be affirmed.

Judgment affirmed.

Whole court sitting.