## Kratz v. Moser.

(Decided Sept. 18, 1933.)

BLAKELY & MURPHY for appellant.

ALFRED P. LEWIS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This is an appeal from a judgment appointing a temporary receiver to take charge of the property and business of the Moser Stamping Company.

It being an emergency case, the motion to advance is sustained, and the case is advanced.

The suit was brought by George Moser against O. A. Kratz for the dissolution of an alleged partnership, and for the appointment of a receiver to take charge of the properties of the Moser Stamping Company, and to dispose of same under orders of court. The petition alleged that Moser and Kratz were partners; that Kratz had deposited all money in his name, had kept all the books and had refused to divulge the condition of the business or to tell plaintiff anything whatsoever concerning the affairs of the partnership; that because

of the great danger of the business, the funds and physical properties of the partnership being lost or materially injured, a receiver should be appointed to take charge of the property or funds during the pendency of the action. In support of the allegations of the petition plaintiff filed a written contract by which he and Kratz proposed to purchase the equipment, supplies, and materials formerly owned by the Moser Corporation, and each was to own a one-half interest in the business and to participate equally in the profits of the business. In his answer Kratz denied all the allegations of the petition, with the exception of the written contract. He further pleaded that Moser did not pay any portion of the purchase price, and was unable to pay any part thereof; that immediately after the property was purchased, and by reason of the fact that Moser was unable to pay any of the money, he gave to the defendant a bill of sale for all the machinery, equipment, and supplies that had been purchased. It was further alleged that Moser had no financial interest in the business in any way, shape, manner, or form. On this showing, and without hearing evidence, the chancellor appointed a temporary receiver.

The appointment of a receiver is an extraordinary remedy, and although upon motion for such appointment the court may look to the pleadings of the plaintiff, it must also look to those of the defendant, and if the equitable grounds asserted in the petition for the appointment of a receiver are fully denied there is nothing left to sustain the motion, and before a receiver can be appointed under such circumstances the plaintiff must by evidence disprove the answer and sustain the grounds asserted by him for the appointment. Elkhorn Hazard Coal Co. v. Fairchild et al., 191 Ky. 276, 230 S. W. 61. As the allegation of partnership, as well as all the other allegations on which the application for a receiver was based, was denied, and the answer contained affirmative allegations negativing the claim of partnership, it was error to appoint a receiver without hearing evidence on the issues joined.

Wherefore the judgment is reversed and the cause remanded, with directions to set aside the order appointing the temporary receiver, and for other proceedings not inconsistent with this opinion.

Whole court sitting.