## McDonald v. Richardson.

### Oct. 13, 1942.

M. C. Redwine and Fred Lisanby for appellant.

Bradley & Bradley for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The appellee (plaintiff below) brought this action

against appellant (defendant below) seeking a judgment of the court requiring defendant to make settlement with plaintiff accounting for certain sums of money received by defendant from the plaintiff and to further account for all the proceeds of certain farm products, livestock, etc., and perhaps other personal property.

Plaintiff alleged in her petition that she is a widow 62 years of age and the owner of a farm in Scott County, Kentucky, consisting of about 116 acres; that on September 24, 1940, she executed and delivered to defendant a general power of attorney to manage her business affairs; that on or about January 1, 1941, defendant moved into the residence on her said farm for the purpose of handling the farm in accordance with the power of attorney and is still living in said house; that shortly after defendant took charge of her farm and business affairs she turned over to him, for the purpose of operating the farm and making improvements thereon, the sum of $2,450; and that in violation of said power of attorney defendant placed the said money to his individual account and has since said time carried all the receipts from said farm in his individual name in certain banks in Scott County, Kentucky.

Plaintiff further alleges that in addition to the $2,450 mentioned above she has borrowed the sum of $3,879 which was turned over to the defendant and which he also placed to his individual credit. She alleges that on July 10, 1942, she cancelled said power of attorney by written instrument, notifying defendant that he was no longer to manage her property or to give any checks on her funds or transact any business for her pursuant to said power of attorney or otherwise. She further stated that upon divers occasions she requested and demanded of defendant an accounting of the funds which he had expended but that defendant refused to render an accounting to her until she had employed counsel for the purpose of asserting her rights, and then defendant submitted to her a purported statement of accounts showing receipts in the sum of $10,543.74, and disbursements in the sum of $7,909.24, and cash in bank $69.15. She further alleges that a proper accounting would show that defendant has expended for his own benefit a much larger sum than set out in the statement. The petition also sets out the number of head of livestock on said

farm and other farm products, and alleges that in addition thereto there is a large amount of furniture in the house belonging to her. She also alleged that in February, 1941, she was the owner of an automobile which she traded in upon a new Chrysler automobile and executed deferred payments for the balance of the purchase price amounting to about $800, and that defendant now has charge of and has been using said automobile extensively for his personal benefit.

She further alleged that although defendant was acting solely as her agent in the management of her said property he now claims that she made him a gift of said $2,450; that all of said livestock on the farm belonged to him; that the said automobile is his own, and that he is threatening to sell all of said assets and convert same to his own use, and also claims that the furniture in the house purchased with her money belongs to him. She further alleged that defendant was totally insolvent and that the property of plaintiff in his charge and care is in great danger of being lost to her unless a receiver is appointed to take charge of the property, and that defendant should be evicted from her farm. She further stated that in addition to the property and assets mentioned above there is a growing crop on said farm (for the year 1942) and that same should be placed in the hands of a receiver for the purpose of harvesting and marketing. The prayer of the petition is to the effect that defendant be required to produce his accounts and make settlement with her; that he be credited with reasonable compensation for his services; that she have judgment against defendant for such sums as such accounting shows are due her, and that it be adjudged that she is the owner of all property, stocks, crops, livestock, furniture and improvements of every kind upon said farm, and asked that the court appoint a receiver for the purpose of marketing the stock and crops and that the receiver be placed in charge of the home on the farm for the purpose of preserving her furniture until her rights thereto are established by a judgment of the court, and that defendant be removed from the farm. Later plaintiff filed her amended petition in which she alleged that since the filing of the petition the defendant, without her consent or knowledge, had sold or otherwise disposed of a certain number of hogs and lambs mentioned in the petition, and that he has not accounted to her for any part of the proceeds or moneys received

for said stock, and that she is informed and believes and now charges to be true that he has sold said stock and converted the proceeds thereto to his own use, and asked that a receiver be appointed in order to protect her from further loss.

Defendant filed his answer, counter-claim and set-off, in which he specifically denied each and every allegation in the petition and amended petition, "except there was a paper called a power of attorney by plaintiff to defendant, but same was never effective, as hereinafter alleged." He thereafter alleged that the power of attorney never was effective; that the gifts herein mentioned were made and accepted both before and after the execution of the power of attorney, which was never effective, observed or followed; that at the suggestion and solicitation of plaintiff the defendant acted under the gifts and not under the power of attorney, and that the said power of attorney is therefore not binding, has been superseded, overlooked, ignored and in nowise followed either by plaintiff or defendant.

In paragraph two defendant stated that in August, 1939, he met the plaintiff in Scott County, Kentucky, and that thereafter they became intimate friends and plaintiff called upon defendant for help, counsel and advice in every matter that she considered and that he did render services of every description and gave to plaintiff his undivided and constant attention, in return for which plaintiff gave the defendant her every attention, courtesy and consideration, both social and financial, and all without discussion as to any accounting, charges, credit or reimbursement.

Defendant further stated that during the fall of 1939 and all the year of 1940 he looked after, supervised and managed plaintiff's farm referred to in the petition, rendering every necessary service to improve the farm in the construction, repairing, painting of buildings, etc., and that plaintiff was present at all times approving and consenting to his acts.

Defendant also admitted that he resided in the residence on the farm which is furnished with furniture purchased by the plaintiff but asserted that plaintiff made him a gift of the furniture, which he accepted as such. He made further allegations in regard to crops in cultivation on the farm for the year 1942, setting out

the acreage or amount in cultivation of various kinds of growing crops and also set out the number of head of livestock on the farm and numerous farming implements, all of which he claimed as his own. He admitted that within the last few days he had sold from the farm certain livestock, the proceeds of which amounted to $472.76 which he had on hand, and mentioned other items of property, services rendered, etc., too numerous to mention herein, insisting throughout his answer that everything in controversy belonged to him which he received from plaintiff as gifts, and for his services, attentions, etc., to plaintiff.

Upon the face of the pleadings and without any proof the court sustained plaintiff's motion to appoint a receiver to take charge of all personal property on the farm, including growing crops, livestock, etc., and the residence, directing the receiver to hold and care for same until the case is tried on the merits, to all of which defendant excepted and prayed an appeal to this court which was granted.

Defendant insists that the order appointing a receiver should be reversed because the answer denied the allegations of the petition and no proof taken on the issues, citing and relying upon Kratz v. Moser, 250 Ky. 383, 63 S. W. (2d) 330; Elkhorn Hazard Coal Co. v. Fairchild, 191 Ky. 276, 230 S. W. 61. It was held in the above cited cases that although the appointment of a receiver is largely within the discretion of the trial court, yet, under the facts presented in those cases, it appeared that the trial court had abused a sound discretion, since the pleadings presented an issue concerning the ownership of the property involved. We do not think, however, that the rule should be strictly or categorically applied in all cases simply because an issue may be presented with respect to ownership of property. Each case should be considered upon its merits in the light of the pleadings, and particularly the nature of the defense. In the present case the answer is practically, if not wholly, a plea of confession and avoidance and the facts pleaded in avoidance are indeed unusual and present a peculiar situation. Once the facts alleged in the pleadings are considered in the light of attendant circumstances and inferences fairly deducible therefrom, we do not think this case comes within the category of the general rule as enunciated in the cases supra relied on for de-

fendant. In the Kratz case, supra, there was involved the settlement of a partnership and admittedly both litigants owned an interest in the property; the Elkhorn Hazard Coal Company case involved a coal mining lease. The pleadings in neither of those cases discloses facts and circumstances analogous to those involved in the case at bar.

Defendant first denied each and every allegation of the petition and amended petition, but later admitted the execution of the power of attorney filed with the petition but sought to avoid its effect by simply saying that it was never intended to mean anything and still insisted that all the property involved, amounting to more than $10,000, was simply a gift to him by plaintiff. If defendant had merely claimed reasonable compensation for services rendered, a different question would be presented. But, he does not only claim to be entitled to compensation for services rendered but claims to be the owner of all the property in question which, apparently, leaves plaintiff with nothing except bare title to the farm.

Since the receiver had no authority to sell or dispose of the property, but merely to preserve its status quo pending the litigation, if it should be finally determined that defendant is the owner of the property he would not be seriously, if at all, injured by the receivership. On the other hand, if the appointment of a receiver be denied and defendant left free to handle and dispose of the property as his own, by the time the litigation reaches a final conclusion defendant might have sold and disposed of the property and used or concealed the proceeds thereof, thus resulting in a total loss to plaintiff, if it should be determined that she is the owner of the property. We do not think the chancellor exercised an abuse of discretion in appointing the receiver.

Judgment affirmed.