O. L. HARROD, Appellant,

v.

Hiram FRALEY, Appellee.

Court of Appeals of Kentucky.

March 2, 1956.

Motion for Extension of Opinion
Denied May 4, 1956.

Leslie W. Morris, Marion Rider, Hobson & Meigs, Frankfort, for appellant.

William A. Young, Frankfort, George R. Smith, Lexington, for appellee.

WADDILL, Commissioner.

Appellee, Hiram Fraley, brought this action against the appellant, O. L. Harrod, for damages alleged to have resulted from an assault and battery. The trial resulted in a verdict for appellee in the sum of $1,840, apportioned as follows: medical expenses, $40; loss of wages, $300; punitive damages, $1,500.

Harrod has filed a motion for an appeal from the judgment entered on the verdict, and assigns as grounds for reversal that: (1) The award of punitive damages is excessive; (2) the award of $300 for lost wages is unwarranted by the pleadings; and (3) the instruction authorizing a recovery of punitive damages is prejudicially erroneous.

The dispute between the parties arose when appellant discovered appellee vending fruit and vegetables on a vacant lot which appellant had leased. Appellee's evidence concerning the encounter is to the effect that appellant made an unprovoked attack upon him and inflicted knife wounds across his chest and left arm. The medical testimony shows that appellee sustained wounds that required numerous stitches to close. Appellant admits he engaged in a fight with appellee, but claims he acted in self defense. Each party introduced witnesses to

support his account of the altercation. The differing explications of the encounter make an issue for the jury to determine.

We are immediately concerned with the contention that the award of $1,500 as punitive damages is excessive. Exemplary or punitive damages are generally defined as damages which are given in enhancement merely of the ordinary damages on account of the wanton, reckless, malicious, or offensive character of the acts complained of by the plaintiff; 15 Am.Jur., Damages, Section 265. Such damages go beyond the actual damages suffered in the case; they are allowed as a punishment of the defendant and to discourage the defendant and others from similar conduct in the future. Ashland Dry Goods Co. v. Wages, 302 Ky. 577, 195 S.W.2d 312. Restatement of the Law of Torts, Section 908, Subsection (b).

Most courts have recognized the difficulty in formulating a specific rule for testing the question of excess in a verdict for punitive damages. 15 Am.Jur., Damages, Section 297; Branshaw v. Berry, 2 Ky.Law Rep. 58. In general, the award will be set aside if it is "grossly excessive or appears to be the result of passion, prejudice, improper sympathy, * * *, or, in some states, if it does not bear some reasonable proportion to the actual damages sustained." 15 Am.Jur., Damages, Section 297; also, see, Louisville South R. Co. v. Minogue, 90 Ky. 369, 14 S.W. 357. In Engleman v. Caldwell and Jones, 243 Ky. 23, 47 S.W.2d 971, we said that the jury may award punitive damages according to the conclusion they reach from the evidence concerning the conduct and motives of the person inflicting the injury.

While the award of punitive damages in the instant case is rather large, we do not find it to be excessive by the standards by which such damages must be measured. Hence, the claim of passion and prejudice on the part of the jury must be rejected.

The complaint sought a recovery of $250 for loss of earnings. However, the court entered judgment on the verdict for $300 for this item of damages. This error resulted from an erroneous instruction which should be corrected in the event there is a retrial of the case.

Over the objections of the appellant the court instructed the jury in part as follows:

Instruction No. 2,

"If you find for the plaintiff under instruction No. 1, then you will award him such a sum in damages * * *. In addition to all of the foregoing, the jury may award the plaintiff punitive or exemplary damages in an amount not exceeding $10,000. * * *."

Instruction No. 3,

"By punitive damages are meant such damages as are given in addition to compensatory damages for a wrong or injury done or inflicted wrongfully upon another."

These instructions clearly authorized the jury to assess punitive damages against the appellant if the jury found that the alleged assault was committed "wrongfully" upon the appellee. We find the instructions given were erroneous and highly prejudicial because they did not require the jury to find that the assault was maliciously, wantonly or wilfully committed upon the appellee. See, Ashland Dry Goods Co. v. Wages, 302 Ky. 577, 195 S.W.2d 312; Maddix v. Gammon, 293 Ky. 540, 169 S.W. 2d 594; C. I. T. Corp. v. Short, 273 Ky. 190, 115 S.W.2d 899; Sistrunk & Co. v. Meisenheimer, 205 Ky. 254, 265 S.W. 467; Stiles v. Lile, 203 Ky. 225, 262 S.W. 18; Neely v. Strong, 186 Ky. 540, 217 S.W. 898; Shields' Adm'rs v. Rowland, 151 Ky. 136, 151 S.W. 408.

Appellee asserts that a contrary rule was announced in Murphy v. Pettitt, 199 Ky. 365, 251 S.W. 179. We have investigated the record in that case and find that the court by its instructions authorized punitive

damages to be assessed only in the event the jury found from the evidence that the assault in question was malicious, wilful and without justification.

The motion for an appeal is granted, and the judgment is reversed.