**HOLLOWAY CONSTRUCTION COMPANY, Appellant,**

v.

**Sidney SMITH & Lynchia Smith, Commonwealth of Kentucky, Department of Transportation, Bureau of Highways, Appellees.**

**and**

**COMMONWEALTH of Kentucky, Department of Transportation, Bureau of Highways, Appellant,**

v.

**HOLLOWAY CONSTRUCTION COMPANY, Sidney Smith and Lynchia Smith, his wife, Appellees.**

Supreme Court of Kentucky.

Dec. 20, 1984.

Eugene C. Rice, Rice & Frazier, Paintsville, Stephen G. Bolton, Rudy Yessin, Frankfort, for movant.

Kelsey E. Friend, Pikeville, for Sidney and Lynchia Smith.

Dan Stockton, Lexington, for Department of Transp.

AKER, Justice.

Holloway Construction Company contracted with the Commonwealth of Kentucky, Department of Transportation, Bureau of Highways, to construct a highway running through Pike County, Kentucky.

The highway construction plans called for blasting and excavation near the home of Sidney and Lynchia Smith. However, Holloway discovered that the house was in fact closer to the right of way than the plans indicated. There were discussions between Holloway and the Bureau of Highways concerning the acquisition of the Smith house, but before the property was purchased, Holloway began the blasting work, causing extensive damage to the house.

The Smiths filed an action in the Pike Circuit Court against Holloway for compensatory and punitive damages for the negligent destruction of the house. Holloway filed a third-party complaint against the Bureau of Highways seeking indemnity or contribution from it for any judgment on the complaint. The trial court dismissed the third-party complaint on the grounds that the Bureau of Highways was insulated from liability for its negligence by the doctrine of sovereign immunity and on the grounds that the "hold harmless" provision of Holloway's contract barred contribution and indemnity from the Bureau of Highways.

The Smiths did obtain a judgment against Holloway in the amount of $79,-859.00 on compensatory and $25,500 for punitive damages.

The Court of Appeals affirmed the damages award, but reversed the trial court on the dismissal of the third-party claim and directed the trial court to enter an amended judgment awarding Holloway contribution against the Bureau of Highways for one-half of the compensatory damages award.

This court granted both Holloway Construction's and the Department of Transportation's motions for discretionary review, and have consolidated the cases for review.

The Court of Appeals reasoned that the trial court improperly dismissed the third-party claim brought by Holloway because the action was the "reverse condemnation" of the Smith's property by the state of Kentucky. The court further stated that the "hold harmless" agreement was ineffective under the present facts because "it is highly unlikely that the contractor would have intended to indemnify Bureau of Highways against the wrong of reverse condemnation." We reverse the Court of Appeals on this issue.

■ Generally, under Sec. 231 of the Kentucky Constitution no one can sue the state without its consent. *Foley Construction Co. v. Ward*, Ky., 375 S.W.2d 392 (1964). This prohibition is deemed to be waived when a party brings suit against the state under a theory of "reverse condemnation." *Lehman v. Williams*, 301 Ky. 729, 193 S.W.2d 161 (1946).

■ For a party to assert a claim under this theory there must be an unauthorized taking, destruction or injury to their property. *Commonwealth v. Davidson*,

Ky., 383 S.W.2d 346 (1964). In the present case Holloway attempts to assert this claim by means of a third-party complaint against the state, but it is not Holloway's property which is alleged to have been taken, but that of another party, the Smiths. Since Holloway cannot assert a "taking" of its property by the state, it cannot proceed under a theory of "reverse condemnation." For Holloway to assert a claim against Bureau of Highways it must do so by means of the statutory remedies available to them.

The next issue to be considered is whether the Court of Appeals erred by affirming the jury award of $25,000 in punitive damages against Holloway Construction. Holloway asserts that the evidence does not support an award for punitive damages.

■ Punitive damages are authorized only when the circumstances surrounding a tortuous act indicate malice, willfulness or a reckless or wanton disregard for the rights of others. *Harrod v. Fraley*, Ky., 289 S.W.2d 203 (1956).

■ Evidence was introduced at trial which showed that Holloway knew before blasting began of the potential for damage to the Smith's house, that Holloway was put on notice by the Smiths after various detonations of mounting damage to the home, and that Holloway continued to blast even though it was aware that the house was being destroyed. The award of punitive damages on the amount of $20,000 bears some relationship to the injury and the cause thereof, and therefore, they are not excessive. *Hensley v. Paul Miller Ford, Inc.*, Ky., 508 S.W.2d 759 (1974).

The opinion of the Court of Appeals is reversed to the extent that it imposes liability on the Bureau of Highways and orders an entering of an amended judgment for contribution against the Bureau. In all other respects the opinion of the Court of Appeals is affirmed.

All concur.