Daniel G. FOWLER, Movant,

v.

Billy Joe MANTOOTH, Respondent.

Supreme Court of Kentucky.

Dec. 20, 1984.

Thomas W. Miller, Miller, Griffin & Marks, PSC, Lexington, for movant.

John R. Cook, Jr., Lexington, for respondent.

LEIBSON, Justice.

Daniel G. Fowler sued Billy Joe Mantooth for assault, seeking both compensatory and punitive damages, claiming he was intentionally struck and injured at the "Sin The Sports Center" in Lexington, Kentucky, on April 7, 1981. The Sports Center is a health club owned by Sin The, where Fowler was employed. Mantooth was a customer. Both are ex-football players, persons of exceptional size and strength.

According to Fowler and his witnesses he was knocked unconscious by a sudden, unexpected punch, thrown without provocation. There had been a disagreement over the customer's use of certain equipment, but Fowler was merely doing his job and had made no abusive remarks or threatening gestures before the attack.

Fowler's testimony was that he was unconscious for more than an hour, needed hospital and medical attention, suffered from a sore jaw, headaches and numbness, and lost time from his employment. Because of the circumstances of his employment, he was particularly humiliated by the experience.

On the other hand Mantooth's testimony was that he was provoked into throwing the punch.

The jury accepted Fowler's version, found for the plaintiff, and awarded $2,210 in compensatory damages and $20,000 in punitive damages.

■ Mantooth appealed claiming both awards were excessive. The Court of Appeals held that the $2,210 for compensatory damages was not excessive, but reversed the $20,000 award for punitive damages as excessive, and ordered a new trial on punitive damages alone. The Court of Appeals took the view that this was a "single blow with practically no injury," although the plaintiff's evidence indicated that the injury could be considered substantial, and the Court of Appeals found that the $2,210 award for compensatory damages "was well within" the evidence. Our analysis of principles set out in Kentucky cases regarding the nature and extent of punitive damages leads to the conclusion that Fowler's evidence is sufficient to support the jury's findings that punitive damages were appropriate, and that the amount awarded was not excessive.

The principles governing when punitive damages should be permitted and what should be the limitations on the award have proved somewhat elusive and difficult to define. This is because the misconduct involved cuts across the spectrum of tort litigation, rather than being restricted to one type of tort, or one type of injury.

■ It is a rule of longstanding in this Commonwealth that exemplary or punitive damages may be recovered in an assault and battery case in addition to punitive damages where the assault is willful, malicious and without justification. *Shields*

*Adm'rs v. Rowland*, 151 Ky. 136, 151 S.W. 408 (1912). This is true even when no serious bodily harm results. *Watts v. Lingenfelton*, 10 Ky.Op. 535 (1880).

■ The threshold for the award of punitive damages is misconduct involving something more than merely commission of the tort. The "something more" necessary in the present case was defined in the instructions as a finding "that the assault was willful, malicious, and without justification." Malice may be implied from outrageous conduct, and need not be express so long as the conduct is sufficient to evidence conscious wrongdoing. *Hensley v. Paul Miller Ford, Inc.*, Ky., 508 S.W.2d 759 (1974). *Hensley* cites Prosser, *Law of Torts* § 2 (4th Ed.1971), stating that punitive damages are "permitted" "[w]here the defendant's wrongdoing has been intentional and deliberate, and has the character of outrage." *Id.* at 762.

■ The mere fact that the act is intentional and a tort does not justify punitive damages absent this additional element of implied malice, meaning conscious wrongdoing. *Harrod v. Fraley*, Ky., 289 S.W.2d 203 (1956); *Ashland Dry Goods Co. v. Wages*, 302 Ky. 577, 195 S.W.2d 312 (1946). Fowler's evidence in the present case, if accepted by the jury (as it was), substantiated the element of *conscious* wrongdoing. The distinction is best illustrated by *Harrod v. Fraley*, *supra* at 205, where instructions permitting an award of punitive damages if the jury "found that the alleged assault was committed 'wrongfully' [i.e., tortiously]," were held erroneous because they did not further "require the jury to find that the assault was maliciously, wantonly or wilfully committed" before awarding punitive damages. The instructions in the present case required such a finding.

■ Facts must be established that, apart from punitive damages, are sufficient to maintain a cause of action, but although the appropriate award for compensatory damages would be only *nominal*, nominal damages support an award for punitive damages. *Restatement (Second) of Torts*

§ 908 (1977). Section 908 of the *Restatement* sets out the elements to be "properly" considered by "the trier of fact" in assessing punitive damages as including *"the character of the defendant's act,* [as well as] the nature and the extent of the harm to the plaintiff that the defendant caused or intended to cause."[1] (Emphasis added).

▪ Thus we recognize *two* elements involved in assessing punitive damages: (1) the nature and extent of the harm to the plaintiff, and (2) the character of the defendant's act. In the present case the Court of Appeals decided that "[a] single blow with practically no injury resulting, however wrong the blow may have been, cannot, we believe, result in a $20,000.00 award [for punitive damages] in absence of passion and prejudice on the part of the jury." This overlooks that the character of the act is a consideration of equal or greater importance, depending on the case, in assessing punitive damages. The factors bearing on the character of the act include the degree of outrageousness, the extent of culpability, the motives of the wrongdoer, the relationship between the parties and the existence or absence of provocation. *Restatement (Second) of Torts* § 908 comment e (1977). To relate excessiveness of the award only in terms of its reasonable relation to the injury sustained, is to tell only half the story.

In this case the Court of Appeals' conclusion that there was "practically no injury resulting" is fact finding inconsistent with the claimant's evidence and inconsistent with its own conclusion that the $2,210 awarded for compensatory damages was "well within" the evidence. But the fatal flaw is that this analysis leaves out of consideration the character of the act.

▪ Respondent's brief, citing no authority, argues that the consideration of punitive damages "does not include humiliation." If, as respondent argues, the sole

consideration was the "seriousness of the injury," such might be true because this view of punitive damages limits it to an extension or enhancement of compensatory damages, which, arguably, do not include humiliation per se. But in an act of this character the jury was authorized to compensate not only for the mental and physical pain and suffering endured by him, but also for such humiliation as he suffered as a result of the assault. *Mann v. Watson,* 214 Ky. 729, 283 S.W. 1052, 1055 (1926). An award of punitive damages need not bear reasonable relation to actual damages sustained, which indeed may warrant only "nominal" damages, if the claimant's evidence regarding the character of the act, meaning the extent of conscious wrongdoing, is sufficient to sustain the award. *Maddix v. Gammon,* 293 Ky. 540, 169 S.W.2d 594 (1943).

▪ The respondent has argued, and the Court of Appeals has used in its opinion, the standard for deciding excessiveness which applies to the trial court's responsibility when called upon to decide whether to grant a new trial on grounds of excessiveness, which is whether the award appears "to have been given under the influence of passion or prejudice." CR 59.-01(d). As stated by the Court of Appeals in *Prater v. Arnett,* Ky.App., 648 S.W.2d 82 (1983), and by our Court in *Davis v. Graviss,* Ky., 672 S.W.2d 928 (1984), the functions of the trial and appellate court differ when the question of excessive damages is at issue. The function of the appellate court is limited to reviewing the decision of the trial court. The trial court's decision is presumptively correct. The appellate court will reverse only when it can be said that the trial court has "clearly erred," i.e., abused its discretion, in refusing to set aside the award as excessive. *Davis, supra* at 932.

Thus, respondent's reliance on *Hensley v. Paul Miller Ford, Inc., supra,* is mis-

---

1. The third consideration in an award of punitive damages as set out in the *Restatement* is "the wealth of the defendant." Kentucky does not subscribe to the *Restatement's* third prong.

*Shield's Adm'rs. v. Rowland,* 151 Ky. 822, 152 S.W. 943 (1913); *Hensley v. Paul Miller Ford, Inc.,* Ky., 508 S.W.2d 759 (1974).

placed. *Hensley* holds only "that the trial court did not abuse its discretion in granting a new trial [as to punitive damages] on the ground that the verdict was excessive." *Id.* at 764. Here, had the trial court viewed the award of punitive damages as excessive, the posture of the case would have been the reverse of that in which we presently find it. Here the trial court overruled the respondent's motion for a new trial which asserted that the verdict for punitive damages was excessive. The trial court stated that "[i]n the case at bar, there is a sufficient relationship of the punitive damages to the injury and the cause thereof." The trial court evidenced an appropriate grasp of both the evidence in the case and the two elements involved in assessing punitive damages.

In *Holloway Construction Co. v. Smith,* Ky., 683 S.W.2d 248 (1984), we affirmed a substantial award for punitive damages, $25,000, as not excessive. *Holloway Construction* involved a property damage claim resulting from a blasting operation, with factual considerations different from the present case, but tied to the same basic legal considerations.

The decision of the Court of Appeals reversing the award of punitive damages is reversed. The judgment of the trial court is affirmed.

All Concur.

VANCE, J., files a separate concurring opinion in which STEPHENSON, J., joins.

VANCE, Justice, concurring.

I concur in the result only. The issue here is not whether the conduct of respondent would justify the award of some punitive damage against him but whether or not the amount actually awarded is excessive.

The jury is the arbiter of the amount to be allowed. The verdict of a properly instructed jury as to punitive damages should not be set aside unless it can be held that no reasonable juror, on the basis of the evidence presented, could have reached such a verdict, and therefore the verdict reached must necessarily have resulted from bias or passion on the part of the jurors.

I do not subscribe to the view that there is any meaningful difference in the standard of review of judgments for excessiveness which must be used by trial judges and appellate judges. Without question, the trial judge reviews the issue using the standard of whether or not reasonable jurors could have reached the verdict in the absence of bias.

It is true that an appellate court reviews the question of whether the trial judge abused his discretion in granting or denying a motion to set aside a verdict for excessiveness, but inevitably the issue is the verdict itself and whether reasonable jurors could have reached it. If reasonable jurors could not have reached such a verdict in the absence of bias, the trial judge must set it aside. If he refuses to do so, it is an abuse of discretion, and an appellate court will set the verdict aside.

If the trial court concludes the evidence was sufficient to warrant a reasonable jury to have reached its verdict, his conclusion is entitled to consideration and will not be set aside except for clear abuse of discretion. But ultimately, the appellate court must determine for itself the question of whether the award was reasonable or unreasonable, and if the award is such that no reasonable jury could have rendered it except for bias, it follows that a trial court which refused to set it aside abused its discretion.

I agree with the majority that under the evidence in this case and under the law as it currently exists, it was not clearly unreasonable for a jury to award punitive damages in the amount stated in the verdict.

STEPHENSON, J., joins in this concurring opinion.