PARI–MUTUEL CLERKS' UNION OF KENTUCKY, LOCAL 541, SEIU, AFL–CIO, by Andy Mann, President and Larry Wilson, Appellants,

v.

KENTUCKY JOCKEY CLUB et al., Appellees.

Supreme Court of Kentucky.

April 22, 1977.

Rehearing Denied July 1, 1977.

Herbert L. Segal, Irwin H. Cutler, Jr., Segal, Isenberg, Sales & Stewart, Louisville, for appellants.

James U. Smith, Jr., Andrew J. Russell, Smith & Smith, Irwin G. Waterman, Morris, Garlove, Waterman & Johnson, Louisville, for appellees.

CLAYTON, Justice.

In this case we are required to determine whether an employer over which the National Labor Relations Board has declined jurisdiction may lawfully discharge an employe because he has authorized a labor union to represent him for the purpose of collective bargaining, and, if not, what relief a circuit court is authorized to order in his behalf.

Appellant Larry Wilson was employed as an assistant starter at the Latonia Raceway in Florence, Kentucky. Because the NLRB, which normally has jurisdiction over labor disputes, has for some time declined to assert jurisdiction in any proceeding involving the horseracing industry, this action was brought in the Boone Circuit Court. The appellants alleged that on January 18, 1974, a majority of the employes in an appropriate unit at the raceway, the assistant starters, authorized the Pari-Mutuel Clerks' Union of Kentucky, Local 541, Service Employes International Union, AFL–CIO, to represent them for the purpose of collective bargaining, and that on January 21, 1974, a telegram was dispatched so informing the employer and demanding that the union be recognized as the starters' exclusive bargaining agent. It was further alleged that Wilson, as a member of this majority, signed a card granting the union such authority and that on the same day, January 18, 1974, the employer terminated Wilson's employment due solely to his union association, taking from him at this time his racetrack identification card. Appellants claimed these acts to be in violation of KRS 336.130 [1] and sought injunctive relief and an award of back pay for the time he would have been employed but for his discharge. The court below issued its restraining order on January 23, 1974, enjoining the appellees from unlawfully terminating Wilson's employment, from refusing to reemploy him, and from refusing to return his identification card. Additionally, appellees were restrained from resorting to intimidation, threats and coercion in any form with regard to those employes wishing to associate for the purpose of collective bargaining, and from refusing to recognize and to bargain in good faith with the union. The appellees subsequently moved to dissolve the restraining order and to dismiss the complaint for failure to state a claim upon which relief can be granted. This appeal results from a ruling in favor of those motions.

Accepting as true the factual allegations made by the complaint, we have no difficulty in concluding the discharge of appellant Wilson to be within the sphere of activity condemned by KRS 336.130. We

---

1. This statute provides as follows:

"(1) Employes may, free from restraint or coercion by the employers or their agents, associate collectively for self-organization and designate collectively representatives of their own choosing to negotiate the terms and conditions of their employment to effectively promote their own rights and general welfare. Employes, collectively and individually, may strike, engage in peaceful picketing, and assemble collectively for peaceful purposes.

"(2) Neither employers or their agents nor employes or associations, organizations or groups of employes shall engage or be permitted to engage in unfair or illegal acts or practices or resort to violence, intimidation, threats or coercion."

can think of few tactics available to an employer seeking to discourage association by its employes for the purpose of collective bargaining which are more coercive or intimidating than the discharge or threatened discharge of those employes pursuing that objective. It thus becomes necessary that we consider whether a circuit court is authorized to grant the injunctive relief sought by appellants; or, to state the issue another way, whether the General Assembly, in enacting KRS Chapter 336, has empowered the circuit courts of this state to perform the functions of the National Labor Relations Board in cases where the NLRB either lacks or declines to exercise jurisdiction. We answer this question in the negative.

The subject matter of KRS Chapter 336 is the "Department of Labor", the commissioner of which is authorized by KRS 336.150 to intervene in labor disputes at the request of a party, for purposes of mediation and conciliation. Nowhere is there any suggestion that the circuit courts of this Commonwealth are to be given similar authority. To grant the relief sought here, then, we would be required to expand the narrow wording of the chapter by supplying provisions authorizing the courts to order employers to conduct elections for the recognition of collective-bargaining agents, to order that such collective bargaining be conducted, and to order the reinstatement of discharged employes with awards of back pay, along with providing the procedures for enforcement of these orders. In short, we would need to completely rewrite the chapter, making it a state-level equivalent to the National Labor Relations Act, 29 U.S.C. § 151, et seq. Obviously, we must decline to do so, since legislation is constitutionally the exclusive function of the General Assembly and not that of the courts. We therefore conclude the circuit court acted correctly in dissolving its restraining order on the ground that it lacked jurisdiction to grant the injunctive relief sought.

We do not agree, however, that the granting of the motion to dismiss the complaint for failure to state a claim was proper. The court should not grant the motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim. Clay, Ky. Prac., 3rd Ed., Civil Rule 12.02, Comment 9, n. 17.

The complaint herein, both as originally filed and as amended, adequately raises the issue of whether the termination of Wilson's employment was in violation of KRS 336.130, which, if proved before the trial court, entitles Wilson under KRS 446.-070 to recover from his former employer whatever damages he has sustained by reason of the violation. Here the complaint demanded damages, and thus adequately stated a cause of action. Granting of the motion to dismiss was therefore in error, because in doing so, the circuit court completely ignored a set of facts entitling appellants to relief.

That portion of the judgment of the Boone Circuit Court dissolving its temporary restraining order is therefore affirmed, while that portion dismissing the complaint for failure to state a claim upon which relief can be granted is reversed, and the cause is remanded for further proceedings consistent herewith.

All concur.