Susan Beth **CARTER, Administratrix of the Estate of Junior D. Carter, deceased, Plaintiff,**

v.

**BUILDERS TRANSPORT, INC., Defendant.**

**Consolidated with:**

**Jerry L. CLAPP, Plaintiff,**

v.

**BUILDERS TRANSPORT, INC., Defendant.**

Civ. A. Nos. C91–0019P(J), C91–0193P(J).

United States District Court, W.D. Kentucky, Paducah Division.

July 8, 1992.

---

Craig W. Housman, Housman & Sparks, Paducah, KY, for plaintiff.

S. Boyd Neely, Jr., Neely & Brien, Mayfield, KY, for State Auto. Mut. Ins. Co., intervenor-plaintiff.

Kerry D. Smith, McMurry & Livingston, Paducah, KY, for defendant.

## MEMORANDUM OPINION

JOHNSTONE, District Judge.

Dwayne Jones, an employee for the defendant, Builders Transport, Inc., was attempting to make a left-hand turn at an intersection when the tractor-trailer's right front tires dropped off a portion of the highway. The rig became stuck and the trailer blocked a portion of the highway. An automobile driven by Junior Dean Carter, in which Jerry L. Clapp was a passenger, collided with the trailer resulting in Carter's death and injuries to Clapp. Blood tests revealed that Carter had been drinking prior to the accident.

Susan Beth Carter, Administratrix of the Estate of Junior D. Carter, filed this action against Builders Transport. Clapp then filed suit against Builders Transport who joined Carter as a third party defendant. These cases were consolidated. Now before the court are three motions for partial summary judgment and Carter's motion to amend.

On February 27, 1992 this court entered a Memorandum Opinion and Order denying Clapp's motion for partial summary judgment as to liability only. Although technically he seeks reconsideration the new motion is phrased, "A Second Motion for Partial Summary Judgment as to Liability Only." No new legal argument is raised. For the reasons stated in the February 27th Memorandum Opinion the motion will be denied.

Carter moves for summary judgment with respect to Builders Transport's claims for indemnity and contribution. Specifically Carter claims that she should not be a third party defendant because State Farm Insurance Co., an intervening plaintiff, paid the full amount of Carter's insurance benefits and in so doing obtained releases from both Carter's estate and Clapp.

Kentucky recently adopted a new statute regarding apportionment between joint tortfeasors. K.R.S. 411.182 states:

In all tort actions, including product liability actions, involving fault of more than one party to the action, including third party defendants and persons who have been released under subsection (4) of this section, the court, unless otherwise agreed by all parties, shall instruct the jury to answer interrogatories or, if there is no jury, shall make findings indicating:

. . . .

(b) The percentage of the total fault of all the parties to each claim that is allocated to each claimant, defendant, third-party defendant, and person who has been released from liability under subsection (4) of this section.

The statute is not clear whether apportionment may be made to settling non-parties. However, if Carter is a named third party defendant then the jury, when apportioning fault, may consider Carter's negligence, if any. Because of the uncertainty in the statute Carter should be named as a

third party defendant and her motion for summary judgment will be denied.

 Finally Carter moves to amend her complaint to seek punitive damages against Builders Transport. Builders Transport moves for summary judgment asking the court to dismiss punitive damages claims brought by both Carter and Clapp.

Under K.R.S. 411.184:

(2) A plaintiff shall recover punitive damages only upon proving by clear and convincing evidence, that the defendant from who such damages are sought acted toward the plaintiff with oppression, fraud, or malice.

(3) In no case shall punitive damages be assessed against a principal or employer for the act of an agent or employee unless such principal or employer authorized or ratified or should have anticipated the conduct in question.

Contrary to Carter's argument the Kentucky Supreme Court has not ruled that the statute violates the Kentucky Constitution. Nor will this court. *See Louisville & Nashville Railroad Co. v. Garrett,* 231 U.S. 298, 305, 34 S.Ct. 48, 51, 58 L.Ed. 229 (1913) (federal courts hesitant to find a state statute contrary to state constitution when state court has not so ruled).

Nothing indicates that Builders Transport in anyway authorized, ratified, or should have anticipated the complained of behavior. The parties are not allowed to seek punitive damages from Builders Transport. Thus Builders Transport motion for partial summary judgment will be granted.

IT IS SO ORDERED.