**Daniel KISER, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2008–CA–000200–MR.

Court of Appeals of Kentucky.

Nov. 26, 2008.

Discretionary Review Denied by Supreme Court Aug. 19, 2009.

Angela M. Rea, Louisville, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Michael L. Harned, Assistant Attorney General, Frankfort, KY, for appellee.

Before MOORE, TAYLOR, and VANMETER, Judges.

## OPINION

VANMETER, Judge.

Daniel Kiser appeals from the Jefferson Circuit Court's judgment sentencing him to a total of ten years' imprisonment after he entered a conditional guilty plea to third-degree burglary and theft by unlawful taking over $300. Kiser argues that the evidence against him was insufficient to support the burglary conviction since he did not enter a building. For the following reasons, we reverse and remand.

The parties stipulated below that had this matter gone to trial, the following evidence would have been presented:

A witness, Jamie Fey, would testify that he and Daniel Kiser, on or about October 31, 2004, entered the property of the Louisville Zoo by crawling under one fence and cutting through another. Once past the fencing, the defendants located vending machines on the grounds, which were the property of the Coca–Cola Company or the Zoo, but in any case did not belong to the defendants. The defendants opened the machines and removed cash in excess of $300.00 and then left the grounds.

Officer Brian Nunn would testify that the property involved was in fact in Jefferson County, Kentucky, the burglary charge was for illegally entering the Zoo through the fences, and the theft was for taking over $7,000.00 in cash from the vending machines.

A representative of the Zoo would testify that neither man had permission to cross the fence, and a representative of Coca–Cola would testify that neither man had permission to open the vending machines or to take cash from them.

Based upon this evidence, Kiser entered a conditional *Alford*[1] plea to third-degree

_____

1. *North Carolina v. Alford,* 394 U.S. 956, 89 S.Ct. 1306, 22 L.Ed.2d 558 (1969). Lawson

burglary and theft by unlawful taking over $300, reserving the right to challenge the burglary charge. This appeal followed.

Pursuant to Kentucky Revised Statutes (KRS) 511.040(1), one is guilty of third-degree burglary when, "with the intent to commit a crime, he knowingly enters or remains unlawfully in a building." KRS 511.010(1) defines "building" as including:

in addition to its ordinary meaning ... any structure, vehicle, watercraft or aircraft:

(a) Where any person lives; or

(b) Where people assemble for purposes of business, government, education, religion, entertainment or public transportation.

Each unit of a building consisting of two (2) or more units separately secured or occupied is a separate building.

█ Here, the Commonwealth concedes that the fenced, enclosed property of the zoo Kiser entered does not qualify as a building either under the term's ordinary meaning or as a vehicle, watercraft, or aircraft. Thus, the sole question on appeal is whether the zoo qualifies as a "structure" under this provision.[2]

In *Spears v. Commonwealth,* 78 S.W.3d 755, 760 (Ky.App.2002), this court held that a truck trailer and a shed, both used as storage facilities behind a convenience store, were "structures" as described in the definition of "building" at KRS 511.010(1). In doing so, we noted that a "structure" may be defined as including "something made up of a number of parts held or put together in a specific way." *Id.* (citing Webster's II New Riverside

University Dictionary (1988)). We do not find this definition useful in the situation before us, however, since it is so broad as to encompass countless objects which could not be burglarized. Instead, common sense dictates that the zoo, as a fenced-in area of land, does not constitute a "structure" for purposes of the burglary statute. *See Spears,* 78 S.W.3d at 760 ("common sense dictates that a trailer or shed that is being used by a business as a storage facility in lieu of a storage building meets the definition of building under the statute.").

Other portions of KRS Chapter 511, pertaining to burglary and related offenses, support the conclusion that the zoo does not qualify as a "structure" or a "building." For example, pursuant to KRS 511.070(1), one is guilty of second-degree criminal trespass when he "knowingly enters or remains unlawfully in a building or upon premises as to which notice against trespass is given by fencing or other enclosure." One is guilty of third-degree criminal trespass when he "knowingly enters or remains unlawfully in or upon premises." KRS 511.080(1). "Premises" in turn is defined at KRS 511.010(3) as including "the term 'building' as defined herein and any real property."

█ Thus, it is clear that all "buildings" are "premises" under KRS 511.010(3), but not all "premises" are "buildings." The zoo, as a fenced-in area of land, provides a perfect example of a premises that is not a building. More specifically, it is a premises "as to which notice against trespass is given by fencing[.]" KRS 511.070(1). The legislature expressed no intention for

explains that such a plea is one "by an accused who refuses to acknowledge guilt but waives trial and accepts all the consequences of a conviction." Robert G. Lawson, *The Kentucky Evidence Law Handbook* § 2.55[3] (4th ed.2003).

**2.** Kiser concedes that people assemble at a zoo for educational and entertainment purposes.

these types of premises to be included as buildings, and a different conclusion is not compelled by the Commonwealth's citation of cases from other jurisdictions.

The Jefferson Circuit Court's judgment is reversed insofar as Kiser was convicted and sentenced for third-degree burglary, and this matter is remanded for the dismissal of that charge.

ALL CONCUR.