**Timothy MITCHELL, Appellant,**

v.

**COLDSTREAM LABORATORIES, INC., Appellee.**

No. 2009–CA–001885–MR.

Court of Appeals of Kentucky.

Sept. 24, 2010.

---

Rocky L. McClintock, Georgetown, KY, for appellant.

Catherine S. Wright, Drew B. Miller, Lexington, KY, for appellee.

Before CAPERTON and COMBS, Judges; LAMBERT,[1] Senior Judge.

*OPINION*

COMBS, Judge:

Appellant, Timothy Mitchell, appeals from an order of the Fayette Circuit Court pursuant to Kentucky Rule(s) of Civil Procedure (CR) 12.02(f) dismissing on the pleadings his counterclaims against his former employer, Coldstream Laboratories, Inc. Mitchell contends that the court erred

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Jus-

tice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

by prematurely concluding that he had failed to state a claim. After considering counsels' arguments and pertinent law, we are compelled to agree. Consequently, we vacate and remand for further proceedings.

Coldstream Laboratories is a contract pharmaceutical development company and a small volume generic drug manufacturer. In July 2007, Coldstream hired Mitchell as an at-will employee to serve as the company's Vice President for Quality and Regulatory Compliance. Following a brief suspension, he was discharged on February 10, 2009.

On March 13, 2009, Coldstream Laboratories filed a civil action against Mitchell and its former Vice President of Finance, Thomas I. Evans. Coldstream alleged that in late 2008 and early 2009, Mitchell and Evans colluded to deprive the company of a legitimate and lucrative business opportunity. As an executive team, they allegedly used Coldstream's equipment, confidential information, and other resources surreptitiously to create a competing business venture. Coldstream charged that Mitchell and Evans each breached his fiduciary duty and duty of loyalty to the company and that each of them had breached a confidentiality agreement. Along with its complaint, Coldstream filed a motion requesting entry of a restraining order and a temporary injunction. By agreement of the parties, Coldstream's action against Evans was eventually dismissed with prejudice.

On May 18, 2009, Mitchell filed his answer denying Coldstream's allegations. He also filed a counterclaim alleging that he had been wrongfully discharged. Referring specifically to his interaction with an investigator from the Federal Drug Administration, Mitchell alleged that he had been discharged for his "refusal to violate the law in the course of his employment" and that his dismissal was "contrary to a fundamental and well defined public policy." Answer and Counterclaim at 3. He also stated that his discharge had been "connected to his protected and lawful actions...." *Id.* at 4. Finally, Mitchell alleged that his discharge violated federal whistleblower laws. *Id.* at 4.

Coldstream promptly moved to dismiss the counterclaim pursuant to CR 12.02(f). In its memorandum, it argued that the facts as alleged did not support Mitchell's counterclaim and that Mitchell had filed the counterclaim without identifying any legal basis for it. Arguing in the alternative, Coldstream contended that Mitchell should be ordered to provide a more definite statement pursuant to the provisions of CR 12.05.

During a hearing on the motion, the Fayette Circuit Court observed that "Coldstream is entitled to know what they're being accused of." The court was apparently concerned by Mitchell's failure to provide more specific information relative to his allegations after Coldstream had filed its motion to dismiss. At the conclusion of the hearing, the court ordered that Mitchell's counterclaim be dismissed. Mitchell filed a timely motion to alter, amend, or vacate the order, which was denied. This appeal followed.

 A motion to dismiss is governed by a rigorous and sweeping standard which dictates that it should be granted only where "it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *Pari–Mutuel Clerks' Union v. Kentucky Jockey Club,* 551 S.W.2d 801 (Ky.1977). When considering the motion, the allegations contained in the pleading are to be treated as true and must be construed in a light most favorable to the pleading party. *See Gall v.*

*Scroggy,* 725 S.W.2d 867 (Ky.App.1987). The test is whether the pleading sets forth **any** set of facts which—if proven—would entitle the party to relief. If so, the pleading is sufficient to state a claim. *See* CR 8.01. Since the trial court is not required to make factual findings, the determination is purely a matter of law. *James v. Wilson,* 95 S.W.3d 875 (Ky.App.2002). Consequently, we review the decision of the trial court *de novo. Revenue Cabinet v. Hubbard,* 37 S.W.3d 717 (Ky.2000).

On appeal, Mitchell contends that the court erred by granting Coldstream's motion to dismiss his counterclaim for failure to state a claim. He claims that he pled "all the minimal requirements under the law for both wrongful termination and for a violation of the Whistleblower laws." Appellant's Brief at 2. He argues that his counterclaim specifically stated a claim for wrongful discharge because he provided some factual background, alleging in short but plain statements that he was terminated "for his refusal to violate the law in the course of his employment" and that he was wrongfully discharged "contrary to a fundamental and well defined public policy, as set forth in the law." Answer and Counterclaim at 3.

■■■ The discharge of an at-will employee generally does not support an action for wrongful termination in Kentucky. *Wymer v. JH Properties, Inc.,* 50 S.W.3d 195 (Ky.2001). However, as Mitchell correctly notes in his brief, a narrow public policy exception to our "terminable-at-will" doctrine was established by the Supreme Court of Kentucky in *Firestone Textile Co. Div., Firestone Tire and Rubber Co. v. Meadows,* 666 S.W.2d 730 (Ky.1983). While recognizing employers' interest in having a cause of action for wrongful discharge "clearly defined and suitably controlled," *Firestone* permitted the action to continue where: (1) the discharge is con-

trary to a fundamental and well-defined public policy and (2) the policy is evidenced by a constitutional or statutory provision. *Firestone,* 666 S.W.2d at 733 (*citing Brockmeyer v. Dun & Bradstreet,* 113 Wis.2d 561, 335 N.W.2d 834 (1983)). Whether a public policy is fundamental, well-defined, and evidenced by existing law is a question of law for the court to decide. *Grzyb v. Evans,* 700 S.W.2d 399 (Ky.1985). A claim for wrongful discharge can be based on an employee's failure or refusal to violate the law. *Id.*

In support of his contentions on appeal, Mitchell relies upon our decision in *Follett v. Gateway Regional Health System, Inc.,* 229 S.W.3d 925 (Ky.App.2007). In *Follett,* we examined whether the trial court erred by granting summary judgment in favor of Follett's former employer.

Follett alleged in her complaint that she had been wrongfully discharged from her position as Director of Nursing at Mary Chiles Hospital on two grounds: (1) for reporting her suspicion that an emergency room doctor was under the influence of alcohol while on duty and (2) for advising her staff to report suspected emergency room billing irregularities. We reiterated that in a non-civil rights wrongful discharge case, a plaintiff must show "at a minimum that he was engaged in a statutorily protected activity, that he was discharged, and that there was a connection between the 'protected activity' and the discharge." *Id.,* citing *Willoughby v. GenCorp, Inc.,* 809 S.W.2d 858, 861 (Ky.App. 1990).

After reviewing the record in *Follett,* we determined that statutory bases for her allegations existed. Thus, we concluded that genuine issues of material fact remained as to whether Follett was engaged in statutorily protected activities when she made her reports to investigators associated with the Board of Medical Licensure

(pursuant to the specific provisions of Kentucky Revised Statute(s)(KRS) 311.990) and when she advised her staff to report suspicious billing irregularities to Medicaid or to the hospital's corporate compliance officer (pursuant to the specific provisions of KRS 205.8465). We also concluded that genuine issues of material fact remained as to whether Follett had shown a sufficient connection between those protected activities and her discharge. Consequently, we held that the trial court had erred by granting summary judgment.

Like the plaintiff's generalized complaint in *Follett*, Mitchell's counterclaim did not allege that his employer's conduct violated an explicit statute or constitutional provision. Instead, Mitchell alleged that his discharge violated a well defined public policy requiring "honest and full compliance with the FDA investigators" and that his discharge came as a result of his refusal to violate law—albeit unspecified by name or number.

Coldstream contends that Mitchell's counterclaim was properly dismissed since it failed to identify with specificity the statute that he allegedly refused to violate. The company argues that Mitchell "must articulate a statutory basis for his claim in order for the court to engage in even the primary levels of analysis" and that "[a]bsent some indication of what law [Mitchell] refused to violate, Coldstream's defense of the counterclaims is severely hampered." Appellee's Brief at 4–5.

■ Based upon the nature of wrongful discharge claims, we agree that Coldstream may have been entitled to more detailed information regarding Mitchell's allegations before it was required to file a reply. A vehicle for seeking such expansion of the allegation exists by recourse to CR 12.05, which provides for a motion for a more definite statement. Coldstream clearly was aware of this remedy since it sought relief in the alternative pursuant to CR 12.05.

CR 8.06 provides that we are to construe the pleadings "as to do substantial justice." Moreover, CR 8.05 provides that each averment of the pleading "shall be simple, concise, and direct." Finally, CR 11 dictates that pleadings (in this case, Mitchell's counterclaim) be well grounded in fact and warranted by law. It is noteworthy that Coldstream did not challenge the presumption of Mitchell's good faith by seeking sanctions for an alleged violation of CR 11.

We are persuaded that Mitchell articulated a set of facts sufficient to support his initial claim of wrongful discharge. We cannot surmise whether his counterclaim can or will survive another dispositive motion made by Coldstream. However, at this juncture, we conclude that Mitchell's allegations appear to meet at least the bare elements of a recognized cause of action and that a dismissal on the pleadings was premature.

The order of the Fayette Circuit Court dismissing this action is vacated, and this matter is remanded for additional proceedings.

ALL CONCUR.